oral argument not to exceed 15 minutes per side. Melissa Salinas, Supervising Attorney, you may proceed. Good morning, your honors. May it please the court, I'm Melissa Salinas with the University of Michigan Law School, and I'm here to speak  on behalf of the Law School Federal Appellate Litigation Clinic, and I have law student Christina Wong here, who I am supervising in this appeal. Thank you. Thank you. Good morning, Ms. Wong. Good morning. May it please the court, with my limited time today, I'd like to focus primarily on the erroneous calculation of Mr. Tanner's criminal history points, which resulted in him being sentenced pursuant to a higher guidelines range than he should have been. With the remaining time, I'd like to address Mr. Tanner's ineffective assistance of counsel claim. The district court raised the criminal history point below. Yes. While defense counsel did not object specifically to the criminal history point calculation, he did, of the 4A1.1E calculation, he did object generally to it. So he said, Mr. Tanner... Is that enough to bring it to the attention of the court? Not really. Yes, it is, and for that reason, we believe it should be reviewed de novo. However, even if the... What did he say? He said he objected generally. What do you mean by that? He said that this criminal history point calculation was over-representative of Mr. Tanner's criminal history point calculation. So when the judge gave him time to speak about the calculation, he said that at the end, the conclusion of his time. And while this is not as specific... That couldn't possibly alert the judge to a technical issue about how the guidelines are calculated, could it? It does. Even though this was a general objection, it still preserves the error for this court to review. And if this court finds that the objection was not an objection, this court can still review under the plain error standard of review. We would say that it should be reviewed de novo, but if this court disagrees, it can be reviewed under the plain error standard. Would you address it under the plain error, please? Yes, we'll do. So because Melina Martinez, which was recently decided in April 2016, it held that a defendant who was sentenced pursuant to a guidelines range, a higher guidelines range than he should have been, an incorrect guidelines range, that even if this defendant was sentenced within the correct guidelines range, he is still entitled to a new sentencing hearing if the court finds error because his substantial rights were affected. So in this case, this error rises out of confusion about the threshold question of whether there are multiple prior sentences. If there are not multiple prior sentences, then there is no need to look at the section of the guidelines that is governed by 4A1.2A2, which governs whether multiple prior sentences should be counted as a single sentence. Instead, we merely apply the text of 4A1.1E. And 4A1.1E reads, add one point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under A, B, or C above, because such sentence was counted as a single sentence, up to a total of three points. In Mr. Tanner's case, there is only one prior sentence at issue, the prior sentence in case 793. This one prior sentence already received a criminal history point under section 4A1.1C, so Mr. Tanner should not be assessed an additional point under section E. Of course, if he gains on that one point, his sentence is still within the guideline range because the court departed downward or varied downward in this case, right? It would still be within that guidelines range. However, Melina Martinez makes clear that if a defendant is sentenced pursuant to incorrect guidelines range and his sentence still falls within the correct range, he still is entitled to a new sentencing hearing based on the error because it affected his substantial rights. So Mr. Tanner still is prejudiced in this case because... So if he gets remanded and the court enters the same sentence, it's not error, right? It would still be within the guidelines. Yes, that's correct. It would still be within the correct guidelines range. However, again, Melina Martinez does make clear that the defendant still is entitled to a new sentencing hearing. And he'd be able to argue intervening good behavior and things like that too, I suppose, at that point. Yes, exactly. I have trouble with the underlying issue. You're drawing a distinction between a single sentence for two crimes and a concurrent sentence for two crimes. So if the previous court had said, I don't know, what was the amount of the previous sentence? The previous sentence was 60 months. 60 months, okay. So if the previous district court had said, I sentence you to 60 months for crime A and concurrent sentence 60 months for crime B, then you would say the district court did the proper thing here. But if the prior court said, I sentence you to 60 months for crimes A and B, then your argument would apply. Is that correct? My argument would... Is that correct, yes or no? No, that's not correct. What's wrong with that? You mean even if he had had two separate sentences, he would not have applied? This court has not decided on the issue of concurrent sentences. I thought that was the whole distinction you were making was between concurrent sentences and one sentence. That's not? In this case, Mr. Tanner did receive one sentence. One sentence for two crimes? Yes, one sentence for two crimes. And I thought that if it had been two sentences for two crimes, then he would apply, wouldn't it? I mean, it just applies by its terms, right? Well, it doesn't apply. This court hasn't actually addressed a case in which... It's not your position that it wouldn't apply because then the... Or is it? Do you see what I'm asking? Yes, I do see what you're asking. I thought the whole point, maybe that's why I'm trying to find out what your point is. I thought your whole point was that there was just one sentence, not two sentences. Yes, that is my... Well, if you have two concurrent sentences, you have two sentences, right? Well, my point is that Mr. Tanner didn't have two concurrent sentences. Right, I'm saying that if he did, then you're... If he did, it's still an unsettled question because this court hasn't addressed the issue. There have been other circuits that have. For example, the cases that the government... Say concurrent sentences are not two sentences? I thought that's what all this was about. Well, the... What could it mean if it didn't mean two concurrent sentences? So let me give you the example of U.S. v. Starnes. In this case, the defendant had one case at issue in which he was assessed an additional criminal history point under Section E. So this is case 043. He was assessed one additional criminal history point under 4A1.1E, and he didn't receive any additional criminal history points under A, B, or C. However, the court in Starnes said at least one of Starnes' case 043 convictions qualifies as a crime of violence, aggravated burglary. Thus, the district court properly assessed one additional point to Starnes' criminal history calculation for this sentence. So despite the fact that Starnes was convicted of two crimes of violence, he only received one criminal history point under 4A1.1. He only received one point under E. With my time remaining, I'd like to... Do you agree that the... Is it three underlying crimes? Do you agree all three are crimes of violence? Only two of them are, only the felonious assault and the domestic violence. The other... What was the third one? ...child endangerment is a misdemeanor crime and therefore not an issue. And that's clear from Shepard documents? Or where do you get that from, just so I understand why you're saying that? It's clear from the PSR, which categorizes the child endangerment charge as a misdemeanor. If you assume that there are two... That if you had two concurrent sentences, you would get two points under this guidelines provision. You say it's an open question, right? Yes. Let's assume that the open question is resolved, that you get two points in that situation. Just assume that that's the way we would decide it. Okay. Then why is this case different from that? It's just very formally different to say two concurrent sentences as opposed to one sentence for two crimes, each of which is... Is it just the literal language that we're just bound by for no good reason? This case is different because if you look at Mr. Tanner's underlying judgment for those convictions of crimes of violence, he only received one sentence pursuant to those multiple charges. The judgment, which was included in a 28-G letter that we filed, is not clear about whether those sentences were concurrent. It says nowhere in the judgment these sentences are concurrent, and it lists as the term three years probation, a single term, three years probation. I understand that. I'm just asking what sense it would make to draw that distinction. You're saying what the distinction is, which I understand. There's a distinction, which would be necessary if you agreed with my initial assumption, between concurrent sentences, plural, and one sentence. I'm saying what sense would the guidelines make if that's the distinction they're making? Is that a sense? And you say, well, that's a distinction, but I'm saying what sense does that make? Does it make any sense to draw that distinction?  What's the sense that it makes? Because a judge could decide to issue just one sentence rather than concurrent sentences for different charges if the judge decided to do so. And the guidelines make sense in that scheme because a defendant would receive fewer criminal history points under a judge who issued one sentence rather than concurrent. I see. The state judge should know what he or she is doing and how it will affect sentencing in a future crime. Yes, exactly. Okay. But what about, in fact, in 2007? Before 2007, there was language which supported what you're saying, and the commission got rid of that language. Does that hurt you, or what's the explanation for what they did? I don't think that language hurts because the plain text of 4A1.1E makes clear that if there's a prior sentence that did not receive points under A, B, or C, that an additional point under E should be issued. The clarification point here, and the main point, is that Mr. Tanner had one sentence, and the amendments don't go to that question, the threshold question of whether Mr. Tanner received one sentence. 4A1.2A2 applies when there are just multiple sentences at issue.  Did all these crimes for which he was previously convicted occur simultaneously, or were they on different occasions, or do you know? They occurred on the same occasion. Okay. So the state judge could have given him consecutive sentences, I suppose, and he could have gotten the extra point, right? Yes, the state judge did have the discretion to sentence him to consecutive or concurrent sentences, in which case Mr. Tanner would have received the additional point under E correctly. However, in this case, it's different again because Mr. Tanner just received one sentence, and therefore already received a point under C, and should not be assessed an additional point under E. Thank you. Thank you, counsel. Thank you. Good morning, Your Honors. May it please the Court. Assistant United States Attorney Mark Bennett on behalf of the aptly of the United States of America. Your Honors, it's the position of the government that Mr. Tanner's conviction and sentence should be affirmed, and there's for all four reasons, first being that the record is not sufficiently developed below with regard to the ineffective assistance claims made by the appellant. Second, even if it had been sufficiently developed, the counsel for the appellant was not ineffective. Third, the role enhancement that was argued in the brief was properly calculated by the district court. And then the last argument that most of the oral argument has been focused on is whether or not Mr. Tanner's criminal history was properly calculated, which the district court did in fact do under 4A1.1E. Mr. Bennett, I think your opposing counsel should be commended for focusing on the most difficult issue. I wonder if you could address that first. Yes, Your Honor. I plan to first and foremost address the argument by the appellant with regard to Melina Martinez's decision, which my understanding of the appellant's argument was simply because a substantial right is addressed, then the plain error. I mean, we know that case. Help us through the intricacies of the guideline. All right? I mean, is there an error under the guideline? No, Your Honor. And, again, we would, in looking at the decision of what a plain error, simply because a substantial right is affected, it doesn't. I got that. I mean, if this is a case where I think there's error, I'm going to push very hard on you on why are you saying let's wait for the ineffective assistance claim to resolve it. That just seems silly. If there's an error and there was ineffective assistance, they're going to win later. So it's pay me now or pay me later. So help us figure out whether there was an error. Yes, Your Honor. And there was not an error by the district court. As Your Honor noted, first and foremost, when the amendments were brought forth with regard to 4A.1.1 and specifically addressing subsection E, there was previous language that was removed that would not allow the additional points. And the commission, through the amendments, made it clear that in a situation like this where there were two crimes of violence that were sentenced at the same time, and the appellant has acknowledged and agreed that there were two crimes of violence here with the felonious assault that Mr. Tanner was convicted of as well as the domestic violence. So if we look at both of those as crimes of violence, the Anderson case suggested felonious assault is a crime of violence on the element as well as this court did in Gadsden on domestic violence. But those could have been, they were run together in one sentence, right? They were, Your Honor. The state court in that instance sentenced Mr. Tanner to three years of probation. And because he was only given a sentence on one of, in essence, the crime of violence because they were grouped, the second crime of violence under 4E1.1E gets the additional point. Mr. Tanner you're talking about now. What's that, Your Honor? The defendant in this case. Yes, Your Honor. Yes, Your Honor. And the pre-sentence report details that fact and the explanation that's there. So because it was only three years probation, there was only the initial one point. But since the other crime of violence was not calculated in that sentence, then under 4E1.1 or 4A1.1E there is an additional point to give a total of two points, which brings Mr. Tanner's criminal history total up to seven points or a criminal history of four. It's that step that I'm curious about. It's that one step I'm curious about. As I understand your opponent's argument, and it makes some literal sense, I mean it tracks the language of the guideline, there's a difference between multiple sentences which get counted together and treated as a single sentence. Multiple sentences that are treated as a single sentence, you get the extra point if that's what happened. But if you just had one sentence in the first place, then you didn't have any treatment of multiple sentences as a single sentence. It was a single sentence in the first place. And in that situation, you would not have E. And the difficulty I have with that is that it seems to draw an artificial distinction between concurrent sentences and a single sentence. But the answer that your opposing counsel gives is, well, you know, maybe that's puzzling, but that's what it says. And it sure seems to say that. Do you have any support for it's not saying that? Well, Your Honor, the Fifth Circuit had decided it and addressed the issue in United States v. Scott in 2011, and they noted also the fact that the amendment had been in the Fifth Circuit, Your Honor, in 2011. It's 654 F. 3rd at 552. And we briefed it in our brief in which the court looked at that. They addressed the fact that the amendment had changed to allow the courts to do just this, when there are two crimes of violence that are grouped together. So irrespective of whether or not the language is not two crimes grouped together, it's two sentences, right? Well, Your Honor, I think part of the confusion comes is the comment note five that was addressed by the appellant in the brief where there are two separate crimes of violence with an intervening instance or intervening time in there, and to suggest that that somehow suggests there has to be two separate sentences. Nothing in the language of 4A. 1.1e suggests that. That's simply illustrative. Why not? It suggests it to me. It says each prior sentence. Again, Your Honor, and it seems... But because such sentence was treated as a single sentence. And when there's two crimes of violence, it's assumed that there's a sentence for each crime that's there. I mean... Excuse me, Your Honor. It's assumed that there was a sentence for each crime even if there wasn't. Yeah, it's simply because the state court below didn't say, for this crime, I'm issuing a sentence of X, and for this crime, I'm issuing a sentence of Y, and I'm sentencing together concurrently a period of three years' probation on these two separate crimes of violence. The fact... Opposing counsel said that could have been done but wasn't done, right? Yes, Your Honor. It's arguable, and the record is not fully developed on that with regard to the pre-sentence report as to what was actually said at the state level as to whether or not the sentence of three months' probation was for each count and then done concurrently or not. The judgment shows that it's all one sentence, right? I mean, they put something in the record here. There was something that I saw in my hotel room last night that was filed. I have not had an opportunity to review the actual or get a copy of the actual state court sentencing that's there, but it's... How do you read what you saw? That there are two crimes of violence, and there's a sentence that groups those two crimes of violence. It doesn't use the word concurrent? I did not see specifically, and I can't say I was on an iPhone that was not... Isn't there a legal difference between one sentence for two crimes and concurrent sentences? That being if... I thought the whole reason for the main driving reason for concurrent sentences is if one of them becomes thrown out later, the other one still stands. That's why you sentence concurrently. We have these sentences where people are sentenced to death, and then they concurrently sentence to 20 years. I mean, what sense does that make? Well, it makes sense because one of them might get thrown out, and the other one will still operate. But if you give them together, then when one of them is thrown out, you've got to get it retried. I don't want to answer his question, but I want to hear your thought about it. I guess my first intuition is there is no such thing as anything but concurrent sentences. In other words, you can have a plea bargain where your count drops out. You obviously don't sentence on that. But if you have convictions, you're either having separate consecutive sentences for every one, and if it's silent, it's concurrent. But the silence means it's concurrent. But, Your Honor... It doesn't mean it's one sentence. I mean, so you know where I'm coming from. Yes, Your Honor. I think this helps your position. Yes, Your Honor. But you can disagree with me. No, Your Honor. Your Honor, and that's where, in response to Judge Rogers, I was going to suggest you still have two crimes of violence. Yeah. And so the sentencing guideline talks about crimes of violence. Irrespective of whether the court below at a state court level said the word consecutive or concurrent, there are still two convictions for two separate crimes of violence, which the sentencing guidelines were attempting to appropriately and accurately account for in calculating criminal history. Is my premise wrong? My premise is that there's no such thing as one sentence for two crimes. Your Honor, we agree with you. You're right. You are correct. Well, who says that? Well, wait a second. Wait a second. It's a logical conclusion, Your Honor. No, it's a logical conclusion. Who? Is that the common law or something? I'm shocked you don't think I'm enough. I'm disappointed. No, no. Where does that come from? It's just an intuition. Yeah, Your Honor. As I said, it's assumed. I can't give the court a case citation that specifically says. Even states in a few territories, I bet some of them do that all the time. Even if they don't use the word concurrent or consecutive, it's whether you have the crimes of conviction. If there's two separate crimes. Well, that would be fine. That would make sense. It just isn't what the guideline says. Well, but, Your Honor, it takes that into consideration by suggesting if you have a crime. I mean, just logically. If you have a crime of violence, two separate crimes of violence that get grouped together, irrespective of whether the word consecutively or concurrently is used, you still have two crimes of violence. But it doesn't deal with whether you have two crimes. It has to deal with whether you have two sentences. So that's clear, right? Your Honor, I think logic has to assume if there's a three-month. If you have two separate crimes of violence and you have a three-month sentence, it's for each one is sentenced separately and then they're run concurrently. To do otherwise would, in essence, suggest that any state court that doesn't use the word concurrent or make that specific enumeration that the guidelines are just kind of thrown out, it wouldn't make. I support for that, I guess, is my question. Your Honor, the only support I have is the Fifth Circuit addressing the issue in U.S. v. Scott. Now, I can't say that they specifically said irrespective of whether the court below at the state court level uses the word consecutively or not. What it does do is it has two crimes of violence that are sentenced together and then it is made clear under the guidelines that if one of those crimes of violence is not given an offense or a criminal history point because they're grouped together, you should add one additional point and up to a total of four, which is what happened here, which is why it was not clear error, plain error, any type of error by the court below. I mean, that's why defense counsel didn't raise the issue specifically. I would agree, Your Honor, and as part of our argument and why this court said in Martinez that issues like this that aren't raised in the court below and it's for the first time in direct appeal, that the appellate court is in a difficult situation trying to understand what the district court may have enumerated and explained had the issue been raised by counsel at the district court level. And that's why a 2255 is the more appropriate animal to raise this issue to allow the district court, number one, allow the defense counsel to explain why they believe that the criminal history points were calculated improperly. I have trouble with that. What facts? The facts are clear, aren't they, except we're going to get more evidence as to whether there was, if it's a pure legal issue as to what these words mean and you have to have concurrent sentences, then you lose what good is it. And if the Scott case holds and we follow it, that it doesn't matter if it's a different sentence as long as it's one sentence for different crimes, then the law goes the other way. What are we going to get by sending it back? I don't understand. Your Honor, you would have the argument itself. You would have the district court's analysis of it's a pure legal argument, though. The only thing I can think of is we don't have enough evidence as to what the state court exactly did. Is that true or not? But if that's all there is, get it to us. Let's just get this taken care of. Well, Your Honor, that is true that we don't have, all we have is the final pre-sentence report that talks about the sentence that was issued by the Lorain County Court of Common Pleas. It doesn't distinguish as to whether it was the word. So why would you be amenable to or why would you object to just making sure we have the right state court documents in front of us? I mean, if those documents lead to fact disputes about what happened, that bolsters your position that we should wait for 2255. But if it doesn't, if it clarifies one way or the other, it may help, it may hurt. But it may, at least it makes it easier for us to resolve the legal issue. Because why resolve the legal issue if there's something about the state court record that makes this debate irrelevant, which is possible. It's true, Your Honor, and obviously we don't object to getting that in front of the court and allowing the court to have that information. Although I would suggest that it kind of takes us back to our discussion about whether or not there are still two separate crimes of violence and whether you can have a one sentence for two separate crimes, as Your Honor noted. It says concurrent. This is an easy case. Yes, Your Honor. You don't know what it says. We don't know what it says, Your Honor. So we can provide that to the court.  Thank you, Your Honor. Judge Sutton, I would like to address the point that you made, that you said that the sentences might be implicitly concurrent. And it's not clear that each conviction requires a separate sentence. In the Tolbert case, which is a Seventh Circuit case that the government quoted in its brief, the government brief for that case quoted the district judge in the underlying Tolbert opinion, the district court level. And, unfortunately, I can submit that to the court later. But the district judge suggested that, indeed, there could be one sentence given out for multiple convictions. However, in the Tolbert case, she held that because the judgment made clear that the defendant was sentenced concurrently to concurrent sentences, she couldn't find that there was one sentence. And she suggested that the underlying convictions might have only received one sentence if the judgment said a term of years or a sentence. In this case, in Mr. Tanner's case, the judgment just says term, and then it says three years probation. And all the charges are listed pursuant to that term. I know you won't like this position, but why wouldn't one say at least that the presumption is that sentences are concurrent in this kind of setting, which seems like not a crazy presumption, hurtful though it is? That position is unfair to defendants. Defendants who receive concurrent sentences are going to be punished more harshly under the guidelines because for the very fact that they receive concurrent sentences... I don't think they're going to come back and say, I want a consecutive sentence. I mean, concurrent sentences are pretty good all around. I do agree they're better than consecutive sentences. But, again, one sentence is better than concurrent sentences, especially for the purposes of the guidelines. A judge could choose to punish separately, so hand out separate sentences for separate convictions. But what happens in a case where it's not concurrent, it's one sentence, and you are able to defeat one of the underlying convictions? What happens? Then the sentence is vacated, and the case would have to be resentenced because the defendant, the underlying sentence, was connected to all of those convictions. So if Mr. Tanner's... If they were concurrent, that wouldn't have to happen, right? Yes. If they were concurrent, you wouldn't have to even go back to court, presumably. Just stay in jail for the concurrent sentence. Yes. So they are different. Yes. So they are different in that, again, one... How do you deal with a Scott case, which is the primary authority relied upon by your opponent? Well, first of all, Scott is out of circuit. It's a Fifth Circuit case. We know that. That's why I'm asking how you deal with it. Right. So in that case, the defendant was convicted of four counts of deadly conduct for shooting at four separate victims. That's very different. So he was charged separately. Oh, that's different at all. Was it the same sentence for four shots? No. He received four separate sentences, which is why that case is different. Well, so it's different then because it was multiple sentences, whereas yours... Yes. ...were they concurrent sentences? Exactly. Yes, they were concurrent. Is it clear from Scott that they were concurrent sentences? Yes. The language in Scott says... Let's see. Let's see. Scott had four previous deadly conduct convictions, all stemming from a single shooting spree in 1996. Each conviction earned a five-year sentence to run concurrent to the others. Thank you. Thank you. Case will be submitted. We appreciate it.